```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DARRELL CARDEN,                  )
                                 )
                  Plaintiff,     )
                                 )
     v.                          )    No.  09 C 2090
                                 )
VILLAGE DISCOUNT OUTLET, INC.,   )
et al.,                          )
                                 )
                  Defendants.    )
```

## MEMORANDUM ORDER

Village Discount Outlet, Inc. ("Village Discount") has filed its Answer to Counts I and II of the First Amended Complaint ("FAC") brought against it and three individual defendants by Darrell Carden ("Carden"). This memorandum order is issued sua sponte because of a question raised by one aspect of the Answer.

This Court does not address the propriety of the virtually all-pervasive denials that dominate the Answer. Those denials of course conform literally to the dictate of Fed. R. Civ. P. ("Rule") 8(b)(1)(B), although they do very little to advance the general purpose of that Rule: to narrow the areas as to which the parties are really at odds with each other. Only the discovery process can reveal which, if any, of the denials cannot have been advanced in the objective good faith required by Rule 11(b).

What this memorandum order addresses instead are the several paragraphs (Answer ¶¶27, 35, 36, 38 and 41) that characterize allegations in each of the corresponding FAC paragraphs as "legal

conclusions." Even if accurate, that characterization does not vitiate Village Discount's obligation to comply with Rule 8(b)(1)(B) as to all of the FAC's allegations--see App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). What is confusing in this instance is whether the denials in those paragraphs are proffered <u>because</u> Carden's allegations are assertedly legal conclusions, or whether instead the denials relate (as they should) to the substance of the allegations.

Accordingly this Court strikes from each of the above-identified paragraphs of the Answer all references to "legal conclusions." Village Discount is granted leave to file an amendment to its Answer on or before August 5, 2009 as to any of those paragraphs regarding which it does not intend to assert an outright denial as such.

This limited memorandum order does not address the propriety of any of the Affirmative Defenses that have been included following the Answer. If and to the extent that Carden's counsel views any of them as flawed, that must be brought on by motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 28, 2009

2