IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARRELL CARDEN,                           )
                                          )
               Plaintiff,                 )
                                          )
     v.                                   )    No. 09 C 2090
                                          )
VILLAGE DISCOUNT OUTLET, INC.,            )
et al.,                                   )
                                          )
               Defendants.                )

## MEMORANDUM OPINION AND ORDER

On August 6, 2009 this Court orally denied the motion by Reginald Wright ("Wright") and William Ryan ("Ryan") to dismiss Count III of the First Amended Complaint ("FAC") brought against them and other defendants by Darrell Carden ("Carden"), while at the same time directing both Carden and individual codefendant Thomas Foley ("Foley") to address the potential applicability of the intracorporate conspiracy doctrine in evaluating the Count III claim against Foley. Both Foley and Carden have filed timely responses, but regrettably neither side's submission is adequately informative.

On Foley's side of the issue, his counsel has adduced ten opinions--three from our Court of Appeals, five issued by Judges of this District Court (including one by this Court) and two issued by Magistrate Judges of this District Court.[1] Somewhat

---

[1] Foley's counsel were also good enough to enclose Westlaw printouts of those cases, sparing this Court the need to draw down the opinions on its own. That courtesy is much appreciated.

surprisingly, that assemblage did not include the most recent Seventh Circuit opinion that this Court was able to locate through a few minutes' research, Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 632-33 (7th Cir. 1999).

As for Carden, his counsel have tendered a Supplementary Response[2] that urges the claimed inapplicability of the intracorporate conspiracy doctrine (referred to in the submission as the "intra-corporate immunity doctrine"). That contention asserts in part that Foley's conduct was motivated by his own personal interest and sought-after financial gain at the expense of his employer (a recognized exception to the doctrine).

But what neither side has addressed, and what remained unanswered in terms of their submissions alone, stems from the fact that the claimed Count III conspiracy has been advanced not as a 42 U.S.C. §1985 ("Section 1985") violation, but rather as a common law claim under state law, within this Court's supplemental jurisdiction under 28 U.S.C. §1367. All of the cases adduced by Foley's counsel speak to Section 1985 and apply the concept that a corporation and its employees are a single "person" under that statute (and are hence legally incapable of a statutory conspiracy, because it takes two to tango). Among the stable of cases tendered by Foley's counsel, only Judge Zagel's

---

[2] That submission is mistakenly captioned in terms of FAC Count II, and the same error is repeated in the opening paragraph. But the text of the submission later gets it right.

2

opinion in Kyung Hye Yano v. City Colls. of Chicago, No. 08 C 4492, 2009 WL 855977, at *5 (N.D. Ill. Mar. 30) talks at all about state law, and then only in an "oh, by the way" ipse dixit without any cited support:

> In the event that Plaintiffs have alleged the state-law action, that too is precluded by the intracorporate conspiracy doctrine.

Thus nobody has answered the question that this Court put to them. But this Court's independent research on that subject has confirmed the viability of Carden's claim, whether or not Foley was acting in his employer's interest.[3] Adcock v. Brakegate, Ltd., 164 Ill.2d 54, 62, 645 N.E.2d 888, 893-94 (1994) has become the leading case upholding a civil conspiracy as "a recognized cause of action in Illinois":

> Civil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful or a lawful purpose by unlawful means.[4]

Then in a later case that is particularly apropos to the issue at hand, Buckner v. Atl. Plant Maint., Inc., 182 Ill.2d 12, 24, 694 N.E.2d 565, 571 (1998) first restated the Adcock principle and then went on to explain the same limitation that has informed the

---

[3] It should be emphasized that this opinion must credit Carden's allegations for Fed. R. Civ. P. ("Rule") 12(b)(6) purposes. No findings are either made or implied by this Court for purposes of the present analysis.

[4] [Footnote by this Court] That well-established principle has been repeated at least as recently as Karas v. Strevell, 227 Ill.2d 440, 466, 884 N.E.2d 122, 138 (2008).

3

intracorporate conspiracy doctrine under federal law:

> We first note that, because the acts of an agent are considered in law to be the acts of the principal, there can be no conspiracy between a principal and an agent.

That however is the beginning rather than the end of the analysis. Having said that, Buckner, id. went on to make the obvious clear: Nothing precludes the existence of a conspiracy between a corporate agent (such as Foley) and others such as Wright or Ryan--after all, the liability at issue is for tortious activity, inherently a matter of individual responsibility[5]--as Adcock, 164 Ill.2d at 63, 645 N.E.2d at 894 (internal citations and quotation marks omitted) had explained:

> An agreement to commit a wrongful act is not a tort, even if it might be a crime. A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort. Thus, the gist of a conspiracy claim is not the agreement itself, but the tortious acts performed in furtherance of the agreement. It is only where means are employed, or purposes are accomplished, which are themselves tortious, that the conspirators who have not acted but have promoted the act will be held liable.

In short, FAC Count III survives against Foley as well as against the other two individuals who were his alleged co-

---

[5] In Buckner the five-Justice majority found the attempted assertion of such a conspiracy between a corporate agent and non-corporate third parties wanting only because "the plaintiff's claim is entirely lacking factually," and not as a legal matter. And the two-Justice partial concurrence and partial dissent stressed that the agent's liability under universal authority was unaffected by his status as an agent or servant who was acting either at the command of or on account of the principal.

4

conspirators.[6] Foley's motion is denied, and he is ordered to answer the FAC on or before September 14, 2009.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:   September 2, 2009

---

[6] What has been said here confirms the misleading nature of the term "intracorporate immunity." Foley is not immunized against personal liability at all--see, e.g., <u>Buckner</u> and authorities cited there.